THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 2.5 HK LIMITED,<br><br>      Plaintiff,<br><br>vs.<br><br>FLORATE LIMITED,<br><br>      Defendant. | Case No.: 1:25-cv-09875 |

**COMPLAINT**

Plaintiff 2.5 HK LIMITED ("Plaintiff") files this Declaratory Judgment action against Defendant FLORATE LIMITED ("Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. This is a declaratory judgment action of trademark invalidity and non-infringement arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57. Specifically, Plaintiff seeks a declaratory judgment of invalidity and non-infringement of U.S. Trademark Application Serial No. 98860713 (the "CHATBOX Mark") against Defendant.

2. Plaintiff seeks a judgment that Defendant has tortiously interfered with Plaintiff's contractual relationship and prospective business expectancy.

3. A case or controversy exists under the Federal Declaratory Judgment Act because Defendant has successfully forced removal of Plaintiff's 'Chatbox AI' application from the U.S. Apple App Store through trademark infringement complaints based on Defendant's invalid

1

'CHATBOX' application, which the USPTO has officially determined to be generic, creating ongoing business disruption and uncertainty regarding Plaintiff's right to use generic terminology.

## THE PARTIES

4. Plaintiff 2.5 HK LIMITED is a company incorporated in Hong Kong with limited liability with its principal place of business at SUITE 6503, 65/F, CENTRAL PLAZA, 18 HARBOUR ROAD, WAN CHAI, HONG KONG. Plaintiff is the developer and provider of the widely successful "Chatbox AI: Powerful AI Client" IOS mobile application (Apple ID: 6471368056) in the U.S. Apple App Store and operates the popular open-source chatbox software project that has gained global recognition.

5. Upon information and belief, Defendant FLORATE LIMITED is a limited liability company organized under the laws of Cyprus with its principal place of business at 113 Georgiou Griva Digeni, Astromeritis, Nicosia CYPRUS 2722.

6. Defendant is the applicant of the "CHATBOX" Mark (U.S. Trademark Application Serial No. 98860713).

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over the federal trademark claims under 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367, as they form part of the same case or controversy as the federal claims.

8. On information and belief, the U.S. District Court for the Northern District of Illinois has personal jurisdiction over Defendant under Fed. R. Civ. P. 4(k)(2) because Defendant has committed acts affecting United States commerce as shown by the trademark application, filed a trademark infringement complaint with a U.S. based company, Apple Inc., causing Plaintiff's

app removal from the U.S. Apple App Store, and interfered with Plaintiff's app availability to the U.S. consumers.

9. Venue is proper in this district under 28 U.S.C. § 1391(c)(3) because Defendant is a foreign entity with no residence or regular and established place of business in the United States.

## PLAINTIFF'S SOFTWARE AND BUSINESS

10. Plaintiff operates the widely-recognized "Chatbox AI: Powerful AI Client" mobile application (Apple ID: 6471368056), which provides artificial intelligence chatbot services to users.

11. Plaintiff also operates open-source chatbox software that was launched on March 7, 2023 and has gained substantial public recognition and community adoption in the software development community.

12. Plaintiff's applications and software have substantial consumer bases in the United States.

## DEFENDANT'S INVALID TRADEMARK CLAIMS

13. Defendant's Trademark Application Serial No. 98860713 for "CHATBOX" was filed on November 19, 2024, claiming a first use in commerce of April 14, 2023. See Exhibit A.

14. The term "CHATBOX" is inherently generic and merely descriptive for software applications that provide chat or chatbot functionality, as it directly describes the function of the product (a box for chat).

15. On May 22, 2025, the United States Patent and Trademark Office issued a non-final Office Action rejecting Defendant's trademark application. The USPTO examiner made two decisive determinations: First, the mark is "merely descriptive" of the identified goods and services. Second—and more significantly—the mark "appears to be generic," meaning it is a

3

common name for these goods/services and can never be registered or protected as anyone's exclusive right. See Exhibit B.

16. The USPTO examiner explicitly stated: "A generic mark, being the 'ultimate in descriptiveness,' cannot acquire distinctiveness and thus is not entitled to registration on either the Principal or Supplemental Register under any circumstances."

17. This finding from the USPTO examiner —showing the mark is both descriptive and generic—means Defendant's attempt to claim exclusive rights is entirely without merit and directly contradicts U.S. trademark law.

18. Furthermore, the USPTO examiner stated "the filing date of pending U.S. Application Serial No. 98787873 precedes applicant's filing date … If the mark in the referenced application registers, applicant's mark  may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion  with the registered mark. "

19. Additionally, long before Defendant filed its "CHATBOX" trademark application, software companies and developers across the Internet have been using "CHATBOX" terminology in their chat bot products and services, further proving that this is descriptive and generic terminology that belongs to the public domain and cannot be monopolized by any single entity.

## DEFENDANT'S BAD FAITH ENFORCEMENT ACTIONS

20. Despite the fact that "CHATBOX" is descriptive and generic and Defendant merely filed a U.S. trademark application instead of a possessing a valid trademark registration, Defendant improperly filed a complaint with Apple Inc. on March 11, 2025, claiming trademark infringement against Plaintiff's app (Complaint ref# APP228566).

21. Defendant knew or should have known at the time of filing its complaint that many independent parties have been using "CHATBOX" terminology across the internet long before Defendant, confirming its descriptive and generic nature.

22. By refusing to withdraw its complaint against Plaintiff despite knowing of the USPTO's contrary determination, Defendant has made bad faith allegations that are knowingly and objectively false.

23. Defendant's actions constitute an improper attempt to monopolize a descriptive and generic term that belongs in the public domain, contrary to fundamental principles of trademark law.

**QUANTIFIED DAMAGES FROM DEFENDANT'S WRONGFUL INTERFERENCE**

24. As a direct result of Defendant's bad faith and false trademark complaints, Apple removed Plaintiff's mobile application from the Apple App Store on June 19, 2025.

25. Based on documented performance metrics and historical App Store revenue data, Plaintiff has suffered and continues to suffer substantial monthly revenue losses exceeding $20,000.

26. Plaintiff has also suffered: user base erosion as customers migrate to competitors during the outage; reputational damage from the perception of legal or operational problems; development disruption and lost momentum in product advancement; and legal and administrative costs to defend against Defendant's frivolous claims.

27. The estimated total damages as of this date exceed $100,000 and continue accruing daily. These damages will escalate significantly as user migration to competitors becomes permanent and enterprise opportunities are lost due to app unavailability.

28. Therefore, an actual and justiciable controversy exists between the Parties concerning the validity of Defendant's Mark and whether Plaintiff's use of the descriptive and generic term "CHATBOX" constitutes infringement.

29. An actual and justiciable controversy exists between the Parties as to whether Defendant tortiously interfered with Plaintiff's contractual relationship with Apple and whether Defendant tortiously interfered with Plaintiff's prospective business expectancy.

## COUNT I: INVALIDITY OF DEFENDANT'S MARK

30. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

31. Defendant's Mark is invalid because the term "CHATBOX" is generic and merely descriptive of chatbot and chat interface software.

32. The United States Patent and Trademark Office has officially determined that "CHATBOX" is descriptive and "appears to be generic," meaning it cannot be subject to exclusive trademark ownership by any party.

33. Generic terms belong to the public domain and cannot be monopolized by anyone. The USPTO has spoken definitively on this issue pursuant to its authority under 15 U.S.C. § 1052(e)(1).

34. The widespread use of "CHATBOX" terminology by software developers and companies throughout the industry confirms that this is a generic term for chat interface software that cannot be subject to exclusive ownership.

35. Since the mark is descriptive and generic, Defendant cannot have any protectible ownership interest in the Mark under any circumstances.

36. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Plaintiff respectfully requests a declaration by this Court that Defendant does not have a protectible ownership interest in the Mark, and that Defendant's Mark is thus invalid.

### COUNT II: NON-INFRINGEMENT OF DEFENDANT'S MARK

37. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

38. Since "CHATBOX" is descriptive and generic, Plaintiff's use of the term cannot constitute trademark infringement as no party can claim exclusive rights to such terms.

39. Plaintiff's use of "CHATBOX" is purely descriptive of its software's function as chat interface applications, which is the precise type of descriptive use that trademark law is designed to protect and keep in the public domain.

40. Since Defendant does not and cannot have a protectible ownership interest in the descriptive and generic term "CHATBOX," it is axiomatic that Plaintiff does not infringe any valid rights of Defendant.

41. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Plaintiff respectfully requests a declaration by this Court that Plaintiff does not infringe Defendant's Mark.

### COUNT III: TORTIOUS INTERFERENCE WITH CONTRACT

42. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

43. Under Illinois law, to establish tortious interference with contract, a plaintiff must prove: (1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and

unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages.

44. Plaintiff and Apple Inc. had a valid and enforceable contractual relationship via Apple's Developer Program Agreement in which Plaintiff was permitted to distribute applications on the Apple App Store in exchange for compliance with Apple's terms and payment of applicable fees.

45. Defendant was aware of Plaintiff's contractual relationship with Apple as evidenced by Defendant's specific targeting of Plaintiff's application for removal.

46. Defendant intentionally and unjustifiably induced Apple to breach its agreement with Plaintiff by filing bad faith trademark complaints with knowledge that: (a) "CHATBOX" is generic per the USPTO's determination; and (b) Defendant has no protectible ownership interest in the Mark.

47. Apple did in fact breach its agreement with Plaintiff as a result, removing Plaintiff's application from its marketplace despite Plaintiff's compliance with all contractual obligations.

48. Defendant's actions have caused substantial economic and financial harm to Plaintiff exceeding $100,000.

## COUNT IV: TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS EXPECTANCY

49. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

50. Under Illinois law, tortious interference with prospective business expectancy requires: (1) the plaintiff's reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant

that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damages to the plaintiff resulting from such interference.

51. Plaintiff had a reasonable expectation of continuing its business relationship with Apple and with the consuming public via Apple's App Store platform, based on its successful track record and compliance with all applicable requirements.

52. Defendant was fully aware of Plaintiff's business expectancy as evidenced by its deliberate targeting of Plaintiff's specific application and business model.

53. Defendant purposefully interfered with Plaintiff's prospective business relationships by filing bad faith trademark complaints with knowledge that such complaints were baseless given the generic nature of "CHATBOX" and Defendant's lack of protectible rights.

54. As a result of Defendant's false complaints, Apple removed Plaintiff's application from its marketplace, thereby causing substantial economic and financial harm to Plaintiff's current and future business operations exceeding $100,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

a. A declaration that the "CHATBOX" mark under Defendant's Trademark Application Serial No. 98860713 is invalid, and that Defendant cannot claim exclusive trademark rights therein and common law trademark rights whatsoever;

b. A declaration that Plaintiff's "Chatbox AI: Powerful AI Client" mobile application (Apple ID: 6471368056) does not infringe any claimed rights of Defendant;

c. A judgment that Defendant has tortiously interfered with Plaintiff's contractual relations with Apple Inc.;

9

d. A judgment that Defendant has tortiously interfered with Plaintiff's prospective business relationships;

e. An award of monetary damages of $100,000 for harm caused to Plaintiff's business;

f. An award of costs and attorneys' fees;

g. Injunctive relief ordering Defendant to withdraw its trademark infringement complaint (ref# APP228566) with Apple Inc.;

h. Injunctive relief prohibiting Defendant from further interference with Plaintiff's use of "CHATBOX" or related terms; and

i. Any further relief as the Court may deem just and proper.

Dated: August 19, 2025						Respectfully submitted,


					/s/ Shuai Zhang

					Shuai Zhang
					SZ & CHI LLP
					3808 Union Street Suite 9A-107
					FLUSHING, NY 11354
					Telephone: 216-544-8431
					E-mail: Shuai.Zhang@szclaw.com

					***ATTORNEY FOR PLAINTIFF***